UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                                                    Case No. 6:17-cv-1385-Orl-37GJK

JEFFREY D. MARTIN; THOMAS L.
TEDROW; CHRISTIAN T. TEDROW;
TYLER T. TEDROW; BEAUFORT
CAPITAL PARTNERS LLC; and
ROBERT P. MARINO,

    Defendants,

AM-PAC INVESTMENTS, INC.;
FORBES INVESTMENT, LTD.; FORBES
INVESTMENT LLLP; FCS, LTD.; FSC
LIMITED, LLC; and STERLING LLC,

    Relief Defendants.
_____

**FINAL JUDGMENT AS TO DEFENDANT BEAUFORT CAPITAL PARTNERS LLC**

The Securities and Exchange Commission ("**Commission**") having filed a Complaint and Defendant Beaufort Capital Partners LLC ("**Defendant**") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Part VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.   SECTION 5 OF THE SECURITIES ACT OF 1933

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("**Securities Act**"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    a.    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    b.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    c.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.     DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable, jointly and severally with Defendant Robert P. Marino, for disgorgement of $75,232.62, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $13,654.99, for a total of $88,887.61, and a civil penalty in the amount of $60,000.00 pursuant to Section 20(d) of the Securities Act.  Defendant shall satisfy this obligation by paying $148,887.61 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Section III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Beaufort Capital Partners LLC and Robert P. Marino as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.   TERMS OF PAYMENT OF DISGORGEMENT AND CIVIL PENALTY

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $148,887.61 in 13 installments to the Commission according to the following schedule:  (1) $12,000 within 14 days of entry of this Final Judgment; (2) $12,444.33 within 35 days of entry of this Final Judgment; (3) $6,000 within 65 days of entry of this Final Judgment; (4) $15,000 within 95 days of entry of this Final Judgment; (5) $12,444.33 within 125 days of entry of this Final Judgment; (6) $6,000 within 155 days of entry of this Final Judgment; (7) $15,000 within 185 days of entry of this Final Judgment; (8) $12,444.33

within 215 days of entry of this Final Judgment; (9) $6,000 within 245 days of entry of this Final Judgment; (10) $15,000 within 275 days of entry of this Final Judgment; (11) $12,444.33 within 305 days of entry of this Final Judgment; (12) $12,444.33 within 335 days of entry of this Final Judgment; and (13) $11,665.96 within 365 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If either Defendant or Robert P. Marino fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

### IV.     PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, for a period of five years from the date of the entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## V.  INCORPORATION OF DEFENDANT'S CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.  BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 31, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record